Morris Albert, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Crime Victim's Compensation Board, Respondent.

Submitted on briefs May 11, 1983, to President Judge CRUMLISH, JR., and Judges WILLIAMS, JR., and BARBIERI, sitting as a panel of three.

*Michael N. Borish,* for petitioner.

*Sally A. Lied and Francis R. Filipi,* Deputy Attorneys General and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., March 14, 1984:

Morris Albert (claimant) appeals from an order of the Pennsylvania Crime Victim's Compensation Board (board) which denied his claim for compensation because it was not timely filed under Section 477 of the Administrative Code of 1929 (Code).[1]

After being shot in the abdomen by an assailant and incurring approximately $4,000.00 in medical expenses, claimant filed a claim with the board. Following the submission of documentary evidence the board found that (1) the shooting occurred on June 6, 1978, and (2) the claim was filed on June 16, 1980. From these findings the board concluded that the claim was untimely filed under Section 477.4(b) of the Code[2] which provides in part:

> A claim must be filed not later than one year after the occurrence of the crime upon which the claim is based . . . *[p]rovided, however, [t]hat for good cause the board may extend the time for filing for a period not exceeding two years after such occurrence.* (Emphasis added.)

Claimant appealed from the order denying his claim.

Both claimant and the board now assert that the finding of a June 16, 1980 claim filing date is erroneous. Section 191.2(f) of the regulations, 37 Pa. Code §191.2(f), states that "[a] claim will be deemed to be filed as of the date postmarked, if filed by mail . . . ." The record amply supports the parties' concurrence

---

[1] Act of April 9, 1929, P.L. 177, *as amended*, added by Section 2 of the Act of July 9, 1976, P.L. 574, *as amended*, 71 P.S. §§180-7 through 180-7.18.

[2] 71 P.S. §180-7.4(b).

that the Board *received* the claim in the mail on June 16, 1980. Unfortunately, the board neither retained the envelope nor recorded the postmark date.

Claimant declares that his claim was mailed and postmarked on June 6, 1980. He further asserts, citing 37 Pa. Code §191.2(d)(3)(iii), that good cause exists for the board to invoke the two years limitation period.[3] Therefore, because the crime occurred on June 6, 1978 and the claim was postmarked on June 6, 1980, claimant argues that his claim was timely.

The board, however, disregarding its own finding that the shooting occurred on June 6, 1978, now asserts in its brief that the crime happened on June 5, 1978. Thus even assuming a June 6, 1980 filing date and the applicability of the two years limitation period, the board believes that the claim remains untimely.[4]

Our limited scope of review of appeals from administrative agencies, however, prohibits this Court from making factual findings. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704. Further, where crucial findings (*e.g.*, the postmark date of claimant's application) have not been made or are invalid we must remand for further proceedings. Accordingly, we remand the case to the board for proper findings regarding (1) the date of the crime; (2) the claim's filing date; and, if necessary, (3) the legal issue of good cause.

Order vacated.

---

[3] Section 191.2(d)(3)(iii) of the regulations establishes that good cause for failing to file a claim within one year of the crime, and thus justifying the two years filing deadline, includes "the failure of proper authorities to inform a victim of the prevailing act."

[4] We remind the board, however, that the statutory limitations period is computed so as to *exclude the first* and include the last day of such period. Section 1908 of the Statutory Construction Act, 1 Pa. C. S. §1908.

## ORDER

AND Now, this 14th day of March, 1984, the order of the Pennsylvania Crime Victim's Compensation Board dated January 20, 1982 is vacated and the record is remanded for proceedings consistent with this Opinion.

Jurisdiction relinquished.